UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH PHILIP DODD, | No. 2:23-cv-1893-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| PLACER COUNTY SHERIFF OFFICE, | |
| Defendant. | |

Plaintiff, a county inmate, has filed a letter alleging deficient medical care in the jail operated by the Placer County Sheriff's Office. It is unclear whether plaintiff seeks to file a civil complaint against the Sheriff's Office for deprivation of his constitutional rights. He does not allege a specific incident but rather claims that a broad class of medical treatment is not provided in a timely manner at the jail. ECF No. 1.

Assuming that plaintiff intended to initiate a civil action, federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

////

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Here, plaintiff's filing fails to state a claim upon which relief may be granted. He does not allege sufficient facts that would put a defendant on notice of the claim against him. In addition, plaintiff has not paid the filing fee for this action or submitted an application to proceed in forma pauperis. To proceed with a civil action, a plaintiff must pay the $402 filing fee required by 28 U.S.C. § 1914(a) or request leave to proceed in forma pauperis and submit the affidavit and trust account statement required by 28 U.S.C. § 1915(a).

If plaintiff wishes to pursue an action in this court, he must file an amended complaint that cures these deficiencies. He is cautioned that any amended complaint must identify as a

defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Accordingly, it is ORDERED that:

1. Plaintiff's September 1, 2023 filing (ECF No. 1) is dismissed with leave to amend for failure to state a claim;
2. Within 30 days of service of this order, plaintiff may file an amended complaint to cure the deficiencies noted on this order.
3. Should plaintiff file an amended complaint, he must also submit either the filing fee for this action or a motion to proceed in forma pauperis.

/////

/////

/////

4. Failure to comply with this order may result in the dismissal of this action.

Dated: November 28, 2023

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE